IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO.7:19-cv-00173-D

| | |
|---|---|
| BARRY A. MOORE and | ) |
| DORIS T. MOORE, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BANKERS STANDARD | ) |
| INSURANCE COMPANY d/b/a | ) |
| CHUBB INSURANCE COMPANY | ) |

## BANKERS STANDARD INSURANCE COMPANY
## D/B/A CHUBB INSURANCE COMPANY'S
## ANSWER TO COMPLAINT

COMES NOW Defendant, Bankers Standard Insurance Company ("BSIC"), by
and through counsel, and responds to the Complaint as follows:

1.    The allegations in paragraph 1 of the Complaint are not directed at the
Defendant BSIC and therefore, require no response. To the extent that a further response
is required, the Defendant BSIC denies that the Plaintiffs are entitled to any relief for the
claims asserted in this Complaint.

2.    The Defendant BSIC realleges and incorporates herein by reference its
response to the allegations in paragraph 1 of the Complaint.

3.    The allegations in paragraph 3 of the Complaint assert a legal conclusion
that requires no response. To the extent that a further response is required, it is admitted
that this matter is properly before the United States District Court for the Eastern District
of North Carolina.

4.      The allegations in paragraph 4 of the Complaint assert a legal conclusion that requires no response.  To the extent that a further response is required, it is admitted that this matter and the parties are properly before the United States District Court for the Eastern District of North Carolina.

5.      The allegations in paragraph 5 of the Complaint assert a legal conclusion that requires no response.  To the extent that a further response is required, it is admitted that this matter is properly before the United States District Court for the Eastern District of North Carolina.

6.      The Defendant BSIC realleges and incorporates herein by reference its response to the allegations in paragraphs 1-5 of the Complaint.

7.      Admitted, upon information and belief.

8.      Denied as written.  It is admitted that Bankers Standard Insurance Company is a Pennsylvania corporation with a principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania.  The remaining allegations in paragraph 8 of the Complaint are denied.

9.      It is admitted that Defendant BSIC is in the business of insurance.  The remaining allegations in paragraph 9 of the Complaint are denied.

10.      The Defendant BSIC realleges and incorporates herein by reference its response to the allegations in paragraphs 1-9 of the Complaint.

11.      It is admitted that Defendant BSIC issued a policy of insurance to the Plaintiffs that provided property insurance coverage to a residence located at 336 Olde Point Loop, Hampstead, NC 28443 ("the Policy").  To the extent that any remaining

allegations in paragraph 11 are not expressly admitted, the allegations are admitted upon information and belief.

12.     It is admitted that Defendant BSIC issued a policy of insurance to the Plaintiffs that provided property insurance coverage to a residence located at 336 Olde Point Loop, Hampstead, NC 28443.  It is admitted that terms and conditions of the Policy are the best evidence of the coverage afforded by the policy including the limits afforded for certain types of coverage provided by the policy.  It is admitted that Exhibit 1 attached to the Complaint contains some, but not all of the terms and conditions of the BSIC policy, No. 668-00-18-52H.

13.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 13 of the Complaint, and therefore, denies same.

14.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 14 of the Complaint, and therefore, denies same.

15.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 15 of the Complaint, and therefore, denies same.

16.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 16 of the Complaint, and therefore, denies same.

17.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 17 of the Complaint, and therefore, denies same.

18.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 18 of the Complaint, and therefore, denies same.

19.     Admitted.

20.     It is admitted that Defendant BSIC proceeded to conduct an appropriate investigation in the nature and cause of the loss as reported by the Plaintiffs and utilized the persons and resources necessary to perform this investigation. To the extent that any remaining allegations in paragraph 20 of the Complaint are not expressly admitted, the allegations are denied.

21.     It is admitted that the Plaintiffs were advised on several occasions about the policy limitations regarding mold claims. It is further admitted that BSIC made payments under the policy during the course of the investigation as it was determined that payments were appropriate for covered claims. To the extent that any remaining allegations in paragraph 21 of the Complaint are not expressly admitted, the Defendant BSIC lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 21 of the Complaint, and therefore, denies same.

22.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 22 of the Complaint, and therefore, denies same.

23.     It is admitted that BSIC issued a payment to the plaintiffs in the amount of $6,022.31 on 15 October 2018. To the extent that any remaining allegations in paragraph 23 of the Complaint are not expressly admitted, the allegations are denied.

24.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 24 of the Complaint, and therefore, denies same.

25.     It is admitted that the Defendant BSIC has appropriately investigated the Plaintiffs' claim and reviewed and evaluated all new information that has been provided over the course of the claim until the lawsuit was filed. It is denied that on or about 22

4

October 2019 the Defendant BSIC attempted to deny coverage for any reason as 22 October 2019 has not yet occurred.

26.     It is admitted that the Plaintiffs were in contact with the Defendant BSIC over the course of the claim investigation and these communications occurred via telephone and in writing.  To the extent that any remaining allegations in paragraph 26 are not expressly admitted, the Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 26 of the Complaint, and therefore, denies same.

27.     It is admitted that the Defendant BSIC issued a check to the Plaintiffs in the amount of $5,332.57.

28.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 28 of the Complaint, and therefore, denies same.

29.     Denied.

30.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 30 of the Complaint, and therefore, denies same.

31.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 31 of the Complaint, and therefore, denies same.

32.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 32 of the Complaint, and therefore, denies same.

33.     Denied.

34.     It is admitted that the Defendant BSIC issued a check to the Plaintiffs in the amount of $15,578.12 in November 2018.  To the extent that any remaining allegations in

paragraph 34 are not expressly admitted, the Defendant BSIC lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 34 of the Complaint, and therefore, denies same.

35.     It is admitted that the Defendant BSIC issued a check to the Plaintiffs in the amount of $38,200.00.  It is admitted that the Defendant BSIC had made payments to the Plaintiffs totaling $72,334.21 to address properly presented claims that were covered by the BSIC policy.  To the extent that any remaining allegations in paragraph 35 of the Complaint are not expressly, admitted, the allegations are denied.

36.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 36 of the Complaint, and therefore, denies same.

37.     It is admitted that the Defendant BSIC had made payments to the Plaintiffs totaling $72,334.21 to address properly presented claims that were covered by the BSIC policy.  To the extent that any remaining allegations in paragraph 37 of the Complaint are not expressly, admitted, the allegations are denied.

38.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 38 of the Complaint, and therefore, denies same.

39.     It is admitted that the Defendant BSIC authorized the use of a building consultant to assist in its investigation of the reported loss.  It is admitted that the building consultant prepared a report as a result of their investigation, and a copy of the report is attached to the Complaint as Exhibit 2.

40.     It is admitted that the building inspector's report and repair estimate are the best evidence of the findings and conclusions reached by the individual that prepared said

6

report and estimate. To the extent that the allegations in paragraph 40 do not accurately reflect the findings and conclusions of the report and estimate attached as Exhibits 2 and 3 to the Complaint, the allegations are denied.

41. The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 41 of the Complaint, and therefore, denies same.

42. It is admitted that on or about 2 April 2019, David R. Willmott, CXLT, P.E., a licensed professional engineer, inspected the residence as part of the Defendant BSIC's ongoing investigation into the reported loss.

43. The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 43 of the Complaint, and therefore, denies same.

44. It is admitted that Exhibit 4 is a copy of the report prepared by David Willmott after his inspection of the Plaintiffs' residence. To the extent that any allegations are not expressly admitted, the Defendant BSIC lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 44 of the Complaint, and therefore, denies same.

45. It is admitted that Exhibit 4 to the Complaint is best evidence of its contents.

46. The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 46 of the Complaint, and therefore, denies same.

47. The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 47 of the Complaint, and therefore, denies same.

48.     It is admitted that the Defendant BSIC did not attempt to influence or change the objective assessment and report that was provided by David Willmott that is attached as Exhibit 4. To the extent that any allegations in paragraph 48 of the Complaint are not expressly admitted, the allegations are denied.

49.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 49 of the Complaint, and therefore, denies same.

50.     It is admitted that the Plaintiffs and representatives of the Defendant BSIC have participated in several phone calls regarding the loss during the course of the investigation.  It is admitted that the Plaintiffs and representatives of the Defendant BSIC have disagreed about various issues related to the loss and the decisions made by the Defendant BSIC regarding whether there was coverage for certain parts of the claim, and what amounts would be paid for said loss.  To the extent that any remaining allegations in paragraph 50 of the Complaint are not expressly admitted, the allegations are denied.

51.     Denied as written.  It is admitted that the Defendant BSIC has conducted an appropriate investigation of the reported loss and made payment to the Plaintiffs of those amounts that were properly determined to be covered by the terms and conditions of the policy.  To the extent that any remaining allegations in paragraph 51 of the Complaint are not expressly admitted, the allegations are denied.

52.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 52 of the Complaint regarding what the Plaintiffs believe, and therefore, denies same.  To the extent that any remaining allegations in paragraph 52 of the Complaint are not expressly admitted, the allegations are denied.

53.     It is admitted that the letter attached as Exhibit 5 to the Complaint was delivered to the Plaintiffs and is the best evidence of the contents of that communication.

54.     Denied.

55.     Denied.

56.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 56 of the Complaint, and therefore, denies same.

57.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 57 of the Complaint, and therefore, denies same.

58.     The Defendant BSIC lacks sufficient knowledge or information to admit or deny the allegations in paragraph 58 of the Complaint, and therefore, denies same.

59.     It is admitted that the Defendant BSIC has conducted an appropriate investigation into the loss reported by the plaintiffs and promptly made payment of all amounts that were due and owing under the policy.  To the extent that any allegations in paragraph 59 of the Complaint are not expressly admitted, the allegations are denied.

60.     The Defendant BSIC realleges and incorporates herein by reference its responses to the allegations in paragraphs 1-59 of the Complaint.

61.     The allegations in paragraph 61 assert a legal conclusion that requires no response.  To the extent that a further response is required, it is admitted that the Plaintiffs and Defendant BSIC entered into an insurance contract that was governed by the terms and conditions of the insurance contract, policy number 668-00-18-52H.

62.     Denied as written.  It is admitted that the rights and responsibilities of the Plaintiffs with regarding to the insurance coverage afforded by the Defendant BSIC's

insurance policy, No. 668-00-18-52H, are set forth in the policy. To the extent that the allegations in paragraph 62 of the Complaint are inconsistent with these rights and responsibilities, the allegations are denied. It is expressly denied that the allegations in paragraph 62 set forth all of the rights and responsibilities of the Plaintiffs as set forth in the policy.

63. Denied.

64. Denied.

65. The Defendant BSIC realleges and incorporates herein by reference its responses to the allegations in paragraphs 1-64 of the Complaint.

66. The allegations in paragraph assert a legal conclusion that requires no response. To the extent that a further response is required, it is admitted that the Plaintiffs and Defendant BSIC entered into an insurance contract that was governed by the terms and conditions of the insurance contract, policy number 668-00-18-52H.

67. Denied as written. It is admitted that the rights and responsibilities of the Plaintiffs with regarding to the insurance coverage afforded by the Defendant BSIC's insurance policy, No. 668-00-18-52H, are set forth in the policy. To the extent that the allegations in paragraph 67 of the Complaint are inconsistent with these rights and responsibilities, the allegations are denied. It is expressly denied that the allegations in paragraph 67 set forth all of the rights and responsibilities of the Plaintiffs as set forth in the policy.

68. Denied.

69. Denied

70.     Denied.

71.     The Defendant BSIC realleges and incorporates herein by reference its responses to the allegations in paragraphs 1-70 of the Complaint.

72.     The allegations in paragraph 72 of the Complaint assert a legal conclusion that requires no response.  To the extent that a further response is required, it is admitted that the Defendant BSIC properly investigated the loss reported by the Plaintiffs and paid those amounts due under the policy.

73.     Denied.

74.     Denied.

75.     The Defendant BSIC realleges and incorporates herein by reference its responses to the allegations in paragraphs 1-74 of the Complaint.

76.     The allegations in paragraph 76 of the Complaint assert a legal conclusion that requires no response.  To the extent that a further response is required, it is admitted that the Defendant BSIC properly investigated the loss reported by the Plaintiffs and paid those amounts due under the policy.

77.     Denied.

78.     Denied.

79.     The Defendant BSIC realleges and incorporates herein by reference its responses to the allegations in paragraphs 1-78 of the Complaint.

80.     The allegations in paragraph 80 of the Complaint assert a legal conclusion that requires no response.  To the extent that a further response is required, it is admitted that North Carolina General Statute § 58-63-15(11) is titled "Unfair Claim Settlement

Practices" and contains a list of actions or activities that are subject to the other provisions of the section. It is denied that the Defendant BSIC has engaged in any activity that might give rise to a claim for unfair and deceptive trade practices as set forth in North Carolina General Statute § 75-1.1 *et al.*

81.    Denied (All subparts).

82.    Denied.

83.    Denied.

84.    Denied.

## FIRST AFFIRMATIVE DEFENSE

To the extent that allegations in the Complaint are not expressly admitted herein, the allegations are denied.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claim for unfair and deceptive trade practices should be dismissed as it is not well grounded in law or fact, and the Defendant BSIC moves the Court to tax the costs of the action, including a reasonable attorney's fee, pursuant to N.C. Gen. Stat. § 75-16.1 because the Plaintiffs knew, or should have known, that their claims for unfair and deceptive trade practices were frivolous and malicious.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' claim for punitive damages should be dismissed as it is not well grounded in law of fact, and the Defendant BSIC moves the Court to tax the costs of the action, including a reasonable attorney's fee, pursuant to N.C. Gen. Stat. § 1D-45, as the Plaintiffs knew, or should have known, that the claim for punitive damages was frivolous

12

and malicious. The Defendant BSIC further asserts that the Plaintiffs' claim for punitive damages should be dismissed on the grounds that the Plaintiffs haves failed to properly plead any aggravating factor with particularity that purportedly supports such claims in violation of the Federal Rules of Civil Procedure.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant BSIC hereby pleads all terms and conditions of the relevant BSIC insurance policy, No. 668-00-18-52H, for the relevant policy period, in bar of any claim for relief against BSIC in this action.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant BSIC pleads that the terms and conditions of the relevant BSIC insurance policy, No. 668-00-18-52H, do not provide coverage for any of the claimed damages asserted by the Plaintiff in this action.

### SIXTH AFFIRMATIVE DEFENSE

The Defendant BSIC hereby pleads all terms and conditions of the relevant BSIC insurance policy, No. 668-00-18-52H, which required the named insureds to fulfill certain conditions in order to avail itself of coverage provided by the policy of insurance. To the extent that the insureds have failed to establish the claims fall within the coverage afforded by the policy, the Defendant BSIC pleads this failure in bar of any claim against BSIC in this action.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant BSIC hereby gives notice of its intent and hereby reserves its right to add additional defenses, including affirmative defenses, as the evidence may so warrant during the pendency of this litigation.

WHEREFORE, having answered the Plaintiffs' Complaint, Defendant Bankers Standard Insurance Company prays for the following relief:

1. That the Plaintiffs have and recover nothing from Defendant Bankers Standard Insurance Company and that the Complaint be dismissed with prejudice;

2. That Defendant Bankers Standard Insurance Company recover its costs in this action;

3. That Defendant Bankers Standard Insurance Company recover its costs and attorney fees pursuant to N.C. Gen. Stat. § 75-16.1;

4. That Defendant Bankers Standard Insurance Company recover its costs and attorney fees pursuant to N.C. Gen. Stat. § 1D-45;

5. For a TRIAL BY JURY on all facts so triable herein; and

6. For such other and further relief as the Court deems just and proper.

This 10th day of September, 2019.

GOLDBERG SEGALLA LLP

/s/ John I. Malone, Jr.
John I. Malone, Jr. (N.C. Bar No.: 22180)
800 Green Valley Rd, Suite 302
Greensboro, NC 27408
Telephone:    336.419.4900
Facsimile:     336.419.4950
jmalone@goldbergsegalla.com

14

*Attorneys for the Defendant Bankers Standard Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing (NEF).

This 9th day of September, 2019.

GOLDBERG SEGALLA LLP

/s/John I. Malone, Jr.
John I. Malone, Jr.
N.C. State Bar No.:  22180
800 Green Valley Rd, Suite 302
Greensboro, NC  27408
Telephone:     336.419.4900
Facsimile:     336.419.4950
jmalone@goldbergsegalla.com
*Attorney for Defendant*
*Bankers Standard Insurance Company*

16